IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## STATE OF TENNESSEE v. JIMMY BYRD

**Direct Appeal from the Circuit Court for Rhea County**
**Nos. 15128, 15129     Buddy D. Perry, Judge**

---

**No. E2001-01955-CCA-R3-CD**
**August 9, 2002**

---

The defendant pled guilty to two counts of Class D felony theft over $1,000 and was sentenced to the community corrections program for an effective period of three years. The trial court subsequently revoked his community corrections sentence and resentenced the defendant to consecutive sentences of four years on each count as a Range I standard offender, for an effective eight-year sentence. On appeal, the defendant contends (1) the proof was insufficient to revoke his community corrections sentence; and (2) the sentence is excessive. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

J. Shannon Garrison, Dayton, Tennessee, for the appellant, Jimmy Byrd.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; James Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. COMMUNITY CORRECTIONS SENTENCE REVOCATION

**A. Underlying Facts**

The defendant pled guilty on January 7, 2000, to theft of 3,000 feet of copper wire valued over $1,000 and theft of a jacuzzi tub valued over $1,000. The defendant was sentenced to concurrent three-year terms on community corrections. On September 14, 2000, the trial court issued a revocation warrant alleging the defendant failed to comply with the terms of his release agreement by committing arson, breaking house arrest, and not maintaining employment. On April 6, 2001, the

trial court entered an order revoking the defendant's community corrections and sentenced him to consecutive four-year terms for an effective eight-year sentence.

## B. Hearing Testimony

Rhea County Deputy Sheriff Dean Cranfield testified at the defendant's revocation hearing that he investigated an arson that occurred on September 10, 2000. Deputy Cranfield stated the defendant issued a written statement where he confessed he and "Stacy" were promised $500 by Stacy's mother to burn a trailer. Deputy Cranfield testified the defendant further admitted they purchased "some stuff [to accomplish the arson];" the defendant drove Stacy to get clothing, a camouflage bag in which "to put the stuff," and two "walkie-talkie[s];" the defendant drove Stacy to the scene and rode around until Stacy contacted him; he picked up Stacy; and he returned to the scene to see if the property was on fire. Deputy Cranfield said the arson occurred late at night or early in the morning.

Rhea County Deputy Sheriff Charlie Jenkins testified he cited the defendant for driving without a license at 9:02 p.m. on August 18, 2000, when the defendant's vehicle approached a highway DUI checkpoint.

Community Corrections Officer Mona Patton testified the defendant was placed on house arrest for his initial six months in the system. She said that on or about July 10, 2000, he was released from house arrest, but he was subject to a 6:00 p.m. curfew. She explained he was in violation of curfew when he received the traffic citation at 9:02 p.m. on August 18, 2000, and when he was involved in the arson on September 10th. Patton further testified the defendant failed to maintain full employment as required by the agreement and only "had employment from time to time." She explained he quit his last job approximately three days prior to his arrest for arson.

Kathy Wright, branch manager of Hobbs Temporary Services, testified the defendant was employed by Hobbs. She testified, over defense objection, that employment records established the defendant abandoned his job on September 8th.

## C. Standard of Review

Revocation of a community corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. Crim. App. 1996). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that violation of a community corrections sentence has occurred. *Id.*; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

## D. Analysis

The defendant's community corrections order provided that he "shall abide by a curfew." Deputy Cranfield testified the defendant confessed to participating in an arson that occurred in the late evening or early morning hours on September 10th. Deputy Jenkins issued the defendant a traffic citation on August 18, 2000, at 9:02 p.m. Community Corrections Officer Patton testified the defendant was aware of his 6:00 p.m. curfew, and both instances were curfew violations.

The defendant contends the trial court improperly admitted Wright's testimony concerning the defendant's lack of employment because she failed to comply with the requirements of the business records hearsay exception. *See* Tenn. R. Evid. 803(6). We note, however, "the right to confront and cross-examine adverse witnesses is not absolute and may be relaxed under certain circumstances [in a revocation hearing]." State v. Wade, 863 S.W.2d 406, 407 (Tenn. 1993). However, we need not determine this issue for purposes of this appeal. Regardless of the defendant's employment status, the defendant's curfew violations and his confession to participation in the arson provided the trial court ample reasons to revoke his community corrections sentence. This issue is without merit.

## II. SENTENCING

### A. Standard of Review

A defendant who challenges his sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

(1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) [t]he defendant is an offender whose record of criminal activity is extensive; [or]

. . . .

(6) [t]he defendant is sentenced for an offense committed while on probation. . . .

Tenn. Code Ann. § 40-35-115(b); *see also* <u>State v. Imfeld</u>, 70 S.W.3d 698, 708 (Tenn. 2002).

## B. Analysis

After considering the sentencing enhancement and mitigating factors, the trial court applied enhancement factors one (previous history of criminal convictions or criminal behavior) and eight (previous history of unwillingness to comply with the conditions of a sentence involving release in the community). Tenn. Code Ann. § 40-35-114(1), (8). The trial court found no sentencing mitigating factors. *See* Tenn. Code Ann. § 40-35-113. The proper range of punishment was two to four years. *See* Tenn. Code Ann. § 40-35-112(a)(4). The trial court sentenced the defendant to the maximum four-year term on each conviction.

The defendant had been convicted of one prior felony and eight prior misdemeanors, and he confessed to participation in an arson. The defendant committed some prior offenses while on probation or bond for other offenses. We conclude the trial court correctly applied enhancement factors one and eight and properly sentenced the defendant to the maximum four-year term for each conviction.

The trial court applied consecutive sentencing factors one (defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood), two (defendant's record of criminal activity is extensive), and six (defendant is sentenced for an offense committed while on probation). *See* Tenn. Code Ann. § 40-35-115(b)(1), (2), (6).

The presentence report clearly established the 26-year-old defendant had an extensive record of criminal activity. Thus, this factor was properly applied. It appears the trial court applied consecutive sentencing factor six (defendant is sentenced for an offense committed while on probation) after erroneously concluding it was sentencing the defendant for crimes he committed while on community corrections. Even if that were the case, this factor does not apply to the commission of a crime while on community corrections. *See* <u>Pettus</u>, 986 S.W.2d at 543. However, the presentence report reveals the defendant was convicted of simple assault on December 21, 1998, and received a six-month suspended sentence. The instant offenses occurred on February 1, 1999, in violation of his six-month misdemeanor probation. When a defendant is sentenced for an offense committed while on probation from a misdemeanor conviction, this factor is applicable. *See* <u>State v. Jack Layne Benson</u>, C.C.A. No. 01C01-9707-CC-00283, 1998 Tenn. Crim. App. LEXIS 886, at *10 (Tenn. Crim. App. Aug. 25, 1998), *perm. to app. denied* (Tenn. 1999) (citations omitted). The record supports the application of this factor.

Regarding consecutive sentencing factor one (professional criminal), the evidence is less clear. However, regardless of whether this factor was properly applied, we conclude the record clearly demonstrates that the defendant had an extensive record of criminal activity and was sentenced for offenses committed while on probation. *See* Tenn. Code Ann. § 40-35-115(b)(2), (6). Either of these

factors supports the trial court's imposition of consecutive sentences. *See* <u>State v. Kilpatrick</u>, 52 S.W.3d 81, 90 (Tenn. Crim. App. 2000).

We affirm the judgment of the trial court.

_____

JOE G. RILEY, JUDGE